**CLINCH VALLEY PRINTING COMPANY, INC., Plaintiff–Appellant,**

**v.**

**INTERNATIONAL HOT ROD ASSOCIATION, INC., Defendant–Appellee.**

**No. 99–6602.**

United States Court of Appeals, Sixth Circuit.

Feb. 15, 2001.

Before BOGGS and MOORE, Circuit Judges, and COHN, District Judge.*

I.

COHN, District Judge.

This is a breach of contract case that was tried to a magistrate judge. The magistrate judge found that defendant breached the contract, but that plaintiff failed to prove damages, and therefore entered judgment for defendant. For the

* The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

reasons that follow, the decision of the magistrate judge is AFFIRMED.

II.

Plaintiff–Appellant Clinch Valley Printing Co., Inc. (Clinch Valley) is a general printing business. Defendant–Appellee International Hot Rod Association, Inc. (IHRA) is a sanctioning body for automobile drag racing. As part of its promotional activities, IHRA publishes a bi-monthly magazine entitled *Drag Review,* which is marketed to drag racing fans.

In December of 1995, the parties entered into a contract whereby Clinch Valley agreed to print IHRA's magazine for three years. In November of 1997, IHRA notified Clinch Valley that it was repudiating the contract, apparently on the grounds that it was not satisfied with Clinch Valley's work. As a result, Clinch Valley did not perform any print work for IHRA after the December 1997 issue. Clinch Valley then sued for breach of contract, seeking to recover its lost-profit for the months remaining on the contract (January through December of 1998), which Clinch Valley calculated to be $209,093.28.

The magistrate judge found that Clinch Valley proved that IHRA breached the contract and that the breach was not justified. However, the magistrate judge found Clinch Valley's evidence of lost-profit speculative. Because Clinch Valley failed to satisfy its burden of proof on damages, the magistrate judge entered judgment in favor of IHRA.

On appeal, Clinch Valley argues that it introduced sufficient evidence of its lost-profit under Tennessee's Uniform Commercial Code (the U.C.C.) and Tennessee common law. Clinch Valley seeks a judgment in the amount of $209,093.28 or, in the alternative, a remand for a new trial on damages.

III.

The issue on appeal is whether the magistrate judge erred in finding that Clinch Valley failed to prove damages for breach of the contract. The magistrate judge exercised jurisdiction under 28 U.S.C. § 1332. This court has jurisdiction under 28 U.S.C. § 1291.

IV.

A.

The parties dispute the proper standard of review to be applied. Clinch Valley argues that because the magistrate judge failed to apply the proper measure of damages, review is *de novo.* IHRA argues that the district court's damage determination must be reviewed under the clearly erroneous standard.

While a district court's damage calculation is reviewed under the clearly erroneous standard. *see Neyer v. United States,* 845 F.2d 641, 644 (6th Cir.1988), the magistrate judge here did not award any damages. Rather, the magistrate judge held that, as a matter of law, Clinch Valley failed to prove an essential element of its breach of contract claim (damages). As such, review is *de novo.*

B.

1.

The elements a breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract. *See Life Care Centers of America, Inc. v. Charles Town Assocs. Ltd. Partnership, LPIMC, Inc.,* 79 F.3d 496, 514 (6th Cir.1996)(applying Tennessee law). The only element in dispute here is whether

Clinch Valley proved damages in the form of lost-profit.

Tennessee law permits lost-profit to be recovered following a breach of contract.[1] *Booker v. Ralston Purina Co.*, 699 F.2d 334, 336 (6th Cir.1983)(applying Tennessee law); *Morristown LincolnMercury Inc. v. Roy N. Lotspeich Publishing Co.*, 42 Tenn. App. 92, 298 S.W.2d 788, 793 (1956). As with any other damages, however, the particular lost-profit being claimed in any given case must not be remote, uncertain, or speculative by their very nature. *See, e.g., Clark v. Ferro Corp.*, 237 F.Supp. 230, 238–40 (E.D.Tenn.1964); *American Bldgs. Co. v. DBH Attachments, Inc.*, 676 S.W.2d 558, 562–63 (Tenn.Ct.App.1984). Damages are considered speculative when their existence is uncertain, *see Jennings v. Hayes*, 787 S.W.2d 1, 3 (Tenn.Ct.App.1989), or when the proof is insufficient to enable a trier of fact to make a fair and reasonable assessment of damages. *See Eastman Kodak Co. v. Southern Photo Materials Co.*, 273 U.S. 359, 379, 47 S.Ct. 400, 71 L.Ed. 684 (1927). Damages need not be proved with mathematical certainty, *see Airline Constr., Inc. v. Barr*, 807 S.W.2d 247, 274 (Tenn.Ct.App.1990), but rather with only reasonable certainty. *See Lamons v. Chamberlain*, 909 S.W.2d 795, 801 (Tenn. Ct.App.1993).

2.

With these principles in mind, after reviewing Clinch Valley's evidence of lost-profit, which consists of a single-page document apparently completed by its president, Doyle Rasnick, we cannot conclude that the magistrate judge erred in concluding that the evidence of Clinch Valley's lost-profit was speculative. There is no indication Clinch Valley presented any evidence to explain its lost-profit figure, other than Rasnick's testimony regarding the document. Notably, Clinch Valley's lost-profit calculation ($209,093.28), far exceeds its net profits in the preceding years. *See* JA at p. 196 (showing a summary of Clinch Valley's net profits).[2] Clinch Valley made no attempt to explain the clear discrepancy or how such a substantial increase in profits was reasonably justified. Although Clinch Valley vehemently argues that its financial condition is irrelevant and reiterates that damages need only be calculated with reasonable certainty, the reality was that Clinch Valley failed to provide proof of its lost-profit with any degree of certainty. At the very least, it is clear that Clinch Valley needed more evidence than it offered to support its lost-profit calculation; and the magistrate judge noted ways in which Clinch Valley could have presented evidence of damages, including expert testimony. *See* JA at p. 77–78 (Memorandum Opinion at p. 5–6). Accordingly, the magistrate judge was correct in ruling in favor of IHRA because Clinch Valley failed to meet its burden of proving damages as a result of IHRA's breach.

1. Clinch Valley argues that it is entitled to lost-profit under two alternative damage theories: (1) the U.C.C. as adopted in Tennessee, or (2) Tennessee common law. IHRA argues that Clinch Valley waived the U.C.C. theory by not arguing it below. We need not address which theory applies because we assume, for purposes of this appeal, that Clinch Valley is entitled to recover its lost-profit as a result of IHRA's breach.

2. For example, Clinch Valley earned a net profit of $28,000.00 in 1997, when the contract was in effect. In 1998, however, using Clinch Valley's lost-profit calculations, Clinch Valley says it would have earned a net profit of over $200,000.00 if the contract had not been breached.